

**FILED**

**July 16, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:30 AM**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee: Sherry Hale | ) | Docket No. 2015-06-0150 |
| | ) | |
| Employer: Prime Package & Label, LLC | ) | State File No. 22815-2015 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of July, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Sherry Hale** | X | | | | X | shale1865@gmail.com<br>804 Virginia Ave.<br>Nashville, TN 37216 |
| **Robyn Owens** | | | | | X | robyn.owens@libertymutual.com |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |



Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov

**FILED**

**July 16, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



### TENNESSEE BUREAU OF WORKERS' COMPENSATION Time: 9:30 AM
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee: Sherry Hale | ) | Docket No. 2015-06-0150 |
| | ) | |
| Employer: Prime Package & Label, LLC | ) | State File No. 22815-2015 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

**Affirmed and Remanded – Filed July 16, 2015**

---

## OPINION AFFIRMING AND REMANDING INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

This interlocutory appeal involves an employee with a preexisting shoulder condition who alleges to have reinjured her shoulder at work. The employee sought medical care through private insurance and continued treating with her selected physician after giving notice of her alleged work injury. Following surgical repair of the employee's shoulder, the employer denied the claim contending the employee did not meet her burden of proving that the employment caused her injury. The trial court determined that the employee established sufficient proof of an injury, but did not produce sufficient proof of causation to establish the injury to be compensable. Stating that the employee has a right to a causation opinion, the trial court ordered the employer to authorize an evaluation so the treating physician could provide an opinion on causation. The trial court denied the employee's request for additional medical and temporary disability benefits. The employee has appealed. Having carefully reviewed the record, we affirm the denial of additional medical and temporary benefits and remand the case for further proceedings as may be necessary.

1

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner, joined.

Sherry Hale, Nashville, Tennessee, employee-appellant, pro se

Robyn L. Owens, Brentwood, Tennessee, for the employer-appellee, Prime Package & Label, LLC

## Factual and Procedural Background

Sherry Hale ("Employee") is a fifty-year-old resident of Davidson County, Tennessee. She was hired by Prime Package & Label, LLC ("Employer") in October 2013, as a rewinder. Her work duties required that she lift and remove rolls of product, which she stated required her to lean her shoulder against equipment when she pulls rolls of product from the equipment. Several months before she began working with Employer, Employee experienced symptoms in her right shoulder and sought and received medical care in January 2013 from Dr. Malcolm Baxter. He identified two conditions in his assessment including "Rotator Cuff Tear, Non-Trauma," and "Impingement Syndrome." His "Plan" included a steroid injection in Employee's shoulder and an MRI study. A January 28, 2013 MRI study indicated "rotator cuff tendinosis without tendon tear," and "[p]robable small tear of the posterosuperior labrum." Upon Employee's return to Dr. Baxter on February 1, 2013, the doctor noted that "[h]er MRI demonstrates tendinitis with no rotator cuff tear." Dr. Baxter administered a second steroid injection and additionally prescribed an oral steroid and physical therapy. Employee concedes that when she began working with Employer on October 23, 2013, she suffered from tendinitis in her right shoulder. However, according to the trial court's order, she testified "she was 'fully functioning' with her shoulder, and could not have performed her job duties otherwise."[1]

In April 2014 Employee experienced increased pain in her right shoulder that prompted her to seek additional medical care. She testified she received a steroid injection; however, no medical records addressing the care Employee received in April 2014, or an April 2014 steroid injection, were admitted into evidence at the June 2015 expedited hearing. Employee testified that in October 2014 she began experiencing what she described as a "totally different" pain in her right shoulder, prompting her to see her primary care physician. In a March 19, 2015 Petition for Benefit Determination, Employee alleges that in October 2014, "I noticed a big difference in pain from tendonitis[.] I ask[ed] my primary physician to please direct me to [an] orthopedic to see

---

[1] No transcript of the proceedings in the trial court or statement of the evidence was submitted by the pro se appellant. We have gleaned the facts from the trial court's expedited hearing order and the exhibits introduced at the June 15, 2015 expedited hearing.

2

what was going on." Employee's primary care physician referred her to Dr. Charles Kaelin, an orthopedic surgeon. Dr. Kaelin's initial report, dated November 6, 2014, includes the following history:

> The patient presents with upper extremity pain. . . . The pain occurred years [sic]. The context of the pain: occurred with movement and in association with work. . . . Prior treatment consists of immobilization, PT, injections and medication. . . .
>
> 49 year old healthy active right hand dominant Sherry Hale is here with a several year history of progressive pain in the right shoulder. In the past she has had three steroid injections. She had one that provided her with significant relief. The other two did not help. She has had exercises and medication. She has a physically demanding job and she is having a hard time performing there because of the shoulder pain.

Dr. Kaelin recommended an MRI study, which was completed on November 7, 2014. The MRI study revealed "tendinosis" and "non-distracted tear of the posterior labrum." Employee testified that on November 10, 2014, she informed her immediate supervisor, Barry Nichols, and two other individuals at Employer that her MRI indicated she had a labral tear in her right shoulder. Employer does not contest Employee's statement that she provided notice of the labral tear to her immediate supervisor. Employer did not provide Employee a panel of physicians or otherwise arrange for Employee to receive medical care for her alleged shoulder injury. Employee testified she filed a claim under her private health insurance for medical care for her shoulder.

Employee testified that she continued working and that she had difficulty "lifting rolls" due to her pain. The trial court's order includes the following testimony by Employee:

> [T]he rolls with the UV coating off of it – I would have to lean my shoulder up against the machine just to be able to pull it off. I mean, it was terrible. . . . Even slicing the rolls, I would have to hold it right there [pointing to her right shoulder].

Employee testified that during the fourth week after she reported the injury, her employer gave her "the heaviest rolls to do. . . . They call them 'five ups.' It doesn't -- You can't get no more wide [sic] across them [sic] steel spools. . . . I did bad quality work that week because I was in so much pain lifting them [sic] rolls." Employee did not return to work after December 3, 2014.

3

Dr. Kaelin surgically repaired Employee's right shoulder on December 5, 2014. Both the preoperative and postoperative diagnoses included a rotator cuff tear and labral tear. Employee continued treating with Dr. Kaelin following her surgery.

Employer denied the claim on March 9, 2015, stating the basis in the Notice of Denial of Claim for Compensation as "[m]edical notes do not describe a work related injury." Documents admitted into evidence at the expedited hearing included a "Medical Certificate" signed by Dr. Kaelin on March 26, 2015. The certificate indicates the document is a form provided by the Tennessee Department of Labor and Workforce Development, Unemployment Insurance Division, for the purpose of filing for unemployment insurance benefits. The form includes the question, "[w]as the injury or condition caused by the individual's last period of employment?" Dr. Kaelin circled "Y" indicating an affirmative response to the question.

Employee filed a request for an expedited hearing on April 29, 2015. The hearing was held on June 15, 2015. Employee testified that her injury happened "somehow," but she stated that she does not know how it occurred. She testified, without objection, that Dr. Kaelin indicated she currently needs additional treatment. Employee testified that when she saw Dr. Baxter on February 1, 2013, Dr. Baxter did not discuss a "probable labral tear" with her and only told her about tendinitis in her shoulder.

On cross-examination, Employee testified she hurt her right shoulder before she began working with Employer when she fell while sleepwalking in late 2012. She conceded that when she first saw Dr. Kaelin she told him her shoulder pain lasted for "years," but she testified that was incorrect. She explained, "[w]hen you have a pain, it's hard to say how long you've had a pain," and "I'm not one to remember dates." Employee agreed there were no witnesses to her alleged work injury.

Employee additionally conceded on cross-examination that she does not know when she became injured. She testified the pain from her tendinitis was in a different area of her shoulder than the pain from her alleged work injury. She testified, "[a]ll I know is the pain is completely different from tendinitis. Completely." She testified the pain changed in October 2014, while she was "either at home or at work." In an effort to clarify this testimony, Employee further testified, "I was working third shift. I was either trying to go to sleep or work," and, "I was either sleeping or pulling on paper. Trying to sleep. It . . . was very hard to do either one."

On June 25, 2015, the trial court issued its order requiring Employer to authorize Dr. Kaelin to perform an evaluation of Employee's right shoulder "so that he may opine whether it is his belief, to a reasonable degree of medical certainty, that [Employee's] work . . . contributed more than fifty percent (50%) in causing her need for medical treatment, considering all causes." The order further provided that "[i]n the event medical causation is established, [Employer] shall provide continuing reasonable and

4

necessary care under Dr. Kaelin's direction until such time as [Employee] either returns to work or attains Maximum Medical Improvement." The June 25, 2015 order denied Employee's "requests for additional medical and temporary disability benefits . . . at this time."

Employee timely filed a notice of appeal on June 30, 2015, identifying the issues on appeal to include the denial of past and future medical expenses and temporary disability benefits. Employer has not appealed. The record was provided to the Appeals Board on July 13, 2015.

## Standard of Review

The standard of review to be applied by the Appeals Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The limited circumstances warranting reversal or modification of a trial court's decision are specified in the statute:

> The workers' compensation appeals board may reverse or modify and remand the decision of the workers' compensation judge if the rights of any party have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:
>
> (A) Violate constitutional or statutory provisions;
> (B) Exceed the statutory authority of the workers' compensation judge;
> (C) Do not comply with lawful procedure;
> (D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
> (E) Are not supported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-6-217(a)(3) (2015). In applying the standard set forth in subparagraph (E) above, courts have construed "substantial and material" evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay Cnty. Manor, Inc. v. State, Dep't of Health & Env't*, 849 S.W.2d 755, 759 (Tenn. 1993) (*quoting Southern Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

5

## Analysis

The appellant bears the burden of showing that the evidence presented in the trial court preponderates against the trial court's findings. *Manufacturers Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 865 (Tenn. Ct. App. 2000). Likewise, the appellant has the burden to ensure that an adequate record is prepared on appeal. As the Supreme Court's Special Workers' Compensation Appeals Panel explained in *Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451, at *6-7 (Tenn. Workers' Comp. Panel May 19, 2004) (*citing Manufacturers Consolidation Serv., Inc.*, 42 S.W.3d at 865):

> The appellant has the duty of preparing a record that conveys a fair, accurate and complete account of the proceedings in the trial court with respect to the issues on appeal. Tenn. R. App. P. 24(b). We are provided with only the trial court's findings of facts and conclusions of law rendered from the bench and the exhibits introduced at the trial of this cause, which include three doctor's depositions. We do not have a record of the lay testimony presented to the trial court. In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.

Without a transcript or a statement of the evidence, the Appeals Board cannot know what evidence was presented to the trial court beyond the exhibits that were admitted into evidence and the testimony as stated in the trial court's order. *See Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). When the review of a trial court's decision is accompanied by a presumption that the findings are correct, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence . . . ." *Id.* at *7. *See also Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("In cases where no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee."). As noted by the Tennessee Court of Appeals, "[a]n incomplete appellate record is fatal to an appeal on the facts," *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 Tenn. App. LEXIS 70, at *11 (Tenn. Ct. App. Feb. 1, 2007), and a reviewing court "must conclusively presume that the evidence presented supported the facts as found by the trial court." *Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at *10 (Tenn. Ct. App. Dec. 21, 2012).

Mindful of the foregoing principles, we note that Employee asserts in the notice of appeal that "[a]n injury occurred while employed with company." Based on this assertion, Employee contends she is due past and future medical expenses and temporary disability benefits.

The trial court found that Employee suffered from tendinitis in her right shoulder in 2013 when her employment began, but that she reported "a different type of pain in her right shoulder in October 2014," and that the November 7, 2014 MRI "revealed 'tendinosis' and 'non-distracted tear of the posterior labrum.'" The trial court notes that Employee credibly testified that when she started working for Employer she was "fully functioning" with her right shoulder, but began to experience a "totally different" degree of pain in October 2014, "and that the pain originated from a different location in her right shoulder." Furthermore, the trial court observed that "Dr. Kaelin unambiguously concluded that [Employee's] injury or condition was caused by her last period of employment." Based on Employee's testimony and the medical records, the trial court determined that Employee "has proven that she sustained an injury," and that she satisfied her burden of producing "sufficient evidence [of an injury] from which the trial judge could conclude that the employee is likely to prevail at a hearing on the merits." Thus, Employer was directed to authorize an evaluation so that Dr. Kaelin could provide an opinion on causation. Employer has not challenged this determination, and we need not address it.

Although the trial court denied Employee's requests for additional medical and temporary disability benefits, which Employee challenges, we have been provided with no record of any testimony taken during the expedited hearing beyond what is included in the June 25, 2015 expedited hearing order. Nor have we been provided with a statement of the evidence. Under these circumstances, we must presume that the trial court's rulings were supported by sufficient evidence.

### Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's denial of additional medical and temporary disability benefits. Additionally, we find that the trial court's decision does not violate any of the standards identified in Tennessee Code Annotated section 50-6-217(a)(3) (2015). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**

7